UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| S.P. on behalf of her minor daughter, K.H., | Civ Action No.: 2:18-CV-10037-CCC-MF |
| Plaintiff, | |
| v. | |
| PISCATAWAY TOWNSHIP SCHOOL DISTRICT, PISCATAWAY BOARD OF EDUCATION, TERESA RAFFERTY as Superintendent of the PISCATAWAY TOWNSHIP SCHOOL DISTRICT, | |
| Defendants. | |

---

**DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO DISMISS**

---

**PASHMAN STEIN WALDER HAYDEN, P.C.**
Court Plaza South
21 Main Street, Suite 200
Hackensack, New Jersey 07601
(201) 488-8200
Attorneys for Defendants
**Piscataway Township Board of Education (improperly pleaded as "Piscataway Township School District") and Teresa Rafferty**

On the Brief:

Maxiel L. Gomez, Esq.

## **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ....................................................................................1

PROCEDURAL HISTORY AND STATEMENT OF FACTS.......................................2

STANDARD OF REVIEW ..........................................................................................4

ARGUMENT ...............................................................................................................5

I.   ALL CLAIMS AGAINST RAFFERTY AS SUPERINTENDENT
     SHOULD BE DISMISSED BECAUSE ALL ALLEGATIONS
     AGAINST RAFFERTY ARE REDUNDANT.................................................5

II.  COUNTS ONE AND TWO OF PLAINTIFF'S COMPLAINT MUST
     BE DISMISSED AS AGAINST RAFFERTY BECAUSE TITLE IX DOES
     NOT AUTHORIZE SUITS AGAINST SCHOOL OFFICIALS, TEACHES,
     AND OTHER INDIVIDUALS.........................................................................6

III. COUNT FOUR OF PLAINTIFF'S COMPLAINT MUST BE
     DISMISSED BECAUSE DEFENDANTS DO NOT STAND
     IN LOCO PARENTIS TO PLAINTIFF ............................................................6

IV.  ALL REFERENCES TO 42 U.S.C §§ 1983 SHOULD BE STRICKEN
     FROM THE COMPLAINT BECAUSE PLAINTIFF'S COMPLAINT
     DOES NOT CONTAIN CLAIMS UNDER EITHER STATUTE .....................8

CONCLUSION.............................................................................................................9

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*,
　556 U.S. 662 (2009) ................................................................................................ 4

*B.F. v. Township of Hazlet*,
　No. A-0918-15T1, 2016 WL 7232370 (N.J. Super. Ct. App. Div. Dec. 14, 2016) ................... 6

*Bell Atl. Corp. v. Twombly*,
　550 U.S. 544 (2007) ................................................................................................ 4

*Bistrian v. Levi*,
　696 F.3d 352 (3d Cir. 2012) .................................................................................... 4

*Cuvo v. De Biasi*,
　169 F. App'x 688 (3d Cir. 2006) ............................................................................. 5

*Davis v. Devereux Found.*,
　209 N.J. 269 (2012) ................................................................................................ 8

*Delaware Riverkeeper Network v. Delaware River Basin Comm'n*,
　No. CIV. 10-5639 AET, 2011 WL 3882503 (D.N.J. Sept. 2, 2011) ......................... 5

*Fitzgerald v. Barnstable Sch. Comm.*,
　555 U.S. 246 (2009) ................................................................................................ 6

*Hardwicke v. Am. Boychoir Sch.*,
　188 N.J. 69 (2006) .............................................................................................. 6, 7

*J.P. v. Smith*,
　444 N.J. Super. 507 (App. Div.) ............................................................................. 7

*McMillian v. Monroe Cty., Ala.*,
　520 U.S. 781 (1997) ................................................................................................ 5

*Phillips v. County of Allegheny*,
　515 F.3d 224 (3d Cir. 2008) ............................................................................ 2, 3, 4

*Ray v. Twp. of Warren*,
　No. CIV.A.07-2812JAP, 2009 WL 3074776 (D.N.J. Sept. 23, 2009) ....................... 5

*TEMPO Networks LLC v. Gov't of NIA*,
　No. CIV. 2:14-6334 WJM, 2015 WL 4757911 (D.N.J. Aug. 12, 2015) .................... 5

*Y.G. v. Bd. of Educ. for Twp. of Teaneck*,
    No. A-5146-09T2, 2011 WL 1466277 (N.J. Super. Ct. App. Div. Apr. 19, 2011) ................... 7

**Statutes**

20 U.S.C. § 1681 ........................................................................................................ 1, 6

42 U.S.C. § 1988 ............................................................................................................ 8

42 U.S.C. §§ 1983 and 1988 ...................................................................................... 1, 8

N.J.S.A. 10:5-1 ............................................................................................................... 1

**Rules**

Fed. R. Civ. P. 12(b)(6) ............................................................................................. 1, 4

Defendants Piscataway Township Board of Education (improperly pleaded as "Piscataway Township School District") ("the Board") and Teresa Rafferty, as Superintendent, (collectively "Defendants"), respectfully submit this brief in support of their Motion to Dismiss portions of the Complaint filed by plaintiff S.P., on behalf of her minor daughter, K.H., pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

## PREMINARY STATEMENT

Plaintiff seeks to recover for injuries alleged to have resulted from the sexual assault of K.H. by a fellow student, K.B., and Defendants' subsequent handling of the matter. Plaintiff's Complaint alleges counts of common law negligence, negligent infliction of emotional distress, negligent supervision, and several state and federal statutory claims including those under 20 U.S.C. § 1681, *et seq.* ("Title IX") and N.J.S.A. 10:5-1 *et seq.*, the New Jersey Law Against Discrimination.

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants respectfully move for dismissal of all claims against Teresa Rafferty and Count Four of Plaintiff's Complaint. More specifically, all claims against Rafferty, who is named in her official capacity, should be dismissed as redundant. Moreover, the individual liability claims against Rafferty in Counts One and Two under Title IX must be dismissed as they are not legally cognizable claims. Count Four, asserting claims of negligence, must be dismissed as against all defendants because Defendants do not stand *in loco parentis* to K.H. as alleged by Plaintiff. Finally, any reference to 42 U.S.C. §§ 1983 and 1988 should be stricken from Plaintiff's Complaint because the Complaint does not contain any allegations that Defendants violated either statute.

1

## PROCEDURAL HISTORY AND STATEMENT OF FACTS

On June 1, 2018, Plaintiff filed this Complaint in the District Court of New Jersey under Docket No. 2:18-cv-10037-CCC-MF, a copy of which is attached to the Declaration of Maxiel L. Gomez, Esq. as **Exhibit A**.  On or around June 22, 2018, Plaintiff transmitted a Waiver of the Service of Summons, an executed copy of which is attached to the Declaration of Maxiel L. Gomez, Esq. as **Exhibit B**.

On June 1, 2016, K.H. and her fellow eighth-grade students from Theodore Schor Middle School ("T. Schor") went on a school field trip to Forest Lodge in Warren, New Jersey. [1] Compl. ¶ 26.  The students, while accompanied by four supervising adults, were transported back and forth by school bus.  Compl. ¶ 29.  While on the bus ride home from the field trip, K.H. was sexually assaulted by K.B.  Compl. ¶¶ 35-38.  The following morning, the school nurse, Jasmine Cromartie ("Cromartie"), was informed of the incident.  Compl. ¶ 44.

In response, Cromartie immediately pulled K.H. from her homeroom class and brought K.H. to her office.  Compl. ¶ 45.  There, Cromartie, teacher Maria Perry ("Perry"), and assistant principal Dr. Orsolina Cetta ("Cetta") listened to K.H. as she recounted her story.  Compl. ¶¶ 45-47.  K.H. stayed in Cromartie's office for at least six (6) class periods.  Compl. ¶ 46.  To aid in the school's investigation, Dr. Cetta asked K.H. to draw a diagram of the seating arrangement on the bus and write down her recollection of the event.  *Id.*  Dr. Cetta then sent K.H. back to class while she conducted an investigation.  After interviewing twelve students, the school determined

---

[1] For purposes of this motion to dismiss, the Court must accept as true all well-pleaded factual allegations in the Complaint.  *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). Thus, defendant's recitation of the facts will derive from the Complaint, but shall not be considered an admission by defendant of the accuracy of such allegations.

that K.H.'s allegations were unfounded and suspended both K.H. and the alleged perpetrator, K.B., for disorderly conduct on the school bus.  Compl. ¶¶ 47-48.  Plaintiff asserts that K.B. received a shorter suspension than K.H.  Compl. ¶ 56.

After the summer break, K.H. and K.B. attended Piscataway High School as ninth graders.  Compl. ¶ 58.  Plaintiff asserts that K.H. was forced to attend the same classes and ride the same bus as K.B. during their first year of high school.  *Id.*  Plaintiff alleges that as a result of the assault and the school's response, K.H. has suffered extreme anxiety and severe emotional distress.

Plaintiff asserts the following claims against Defendants:

- **Count One –** Asserting a Title IX claim against defendants who were allegedly deliberately indifferent to the severe, pervasive, and objectively offensive sexual harassment suffered by K.H.

- **Count Two –** Asserting a Title IX claim against defendants for allegedly retaliating against K.H. for engaging in protected activity.

- **Count Three –** Asserting a New Jersey Law Against Discrimination claim against defendants.

- **Count Four –** Asserting a common law negligence claim based on the principle of *in loco parentis* as against defendants.

- **Count Five –** Asserting a claim of gross negligence against defendants.

- **Count Six –** Asserting a claim of Negligent Infliction of Emotional Distress against defendants.

- **Count Seven –** Asserting a negligent supervision claim against defendants.

Defendants now move to dismiss portions of plaintiff's Complaint as set forth below.

## **STANDARD OF REVIEW**

In deciding a motion to dismiss under Rule 12(b)(6), courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The Third Circuit has explained the review process that must be undertaken:

> To determine whether a complaint meets the pleading standard, our analysis unfolds in three steps. First, we outline the elements a plaintiff must plead to a state a claim for relief. Next, we peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth. Finally, we look for well-pled factual allegations, assume their veracity, and then "determine whether they plausibly give rise to an entitlement to relief." This last step is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."

*Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) (internal citations omitted).

As detailed below, when reviewed under this standard, several counts of Plaintiff's Complaint must be dismissed as a matter of law because Plaintiff has not alleged sufficient plausible facts to state cognizable claims against the Board of Education and Rafferty.

## ARGUMENT

**I.    ALL CLAIMS AGAINST RAFFERTY AS SUPERINTENDENT SHOULD BE DISMISSED BECAUSE ALL ALLEGATIONS AGAINST RAFFERTY ARE REDUNDANT**

"A law suit against public officers in their official capacities is functionally a suit against the public entity that employs them." *Cuvo v. De Biasi*, 169 F. App'x 688, 693 (3d Cir. 2006) (citing *McMillian v. Monroe Cty., Ala.*, 520 U.S. 781, n. 2 (1997)).  Here, Plaintiff names both the Board and Rafferty in her official capacity on all claims contained in her Complaint.  Given that a suit against Rafferty is functionally a suit against the Board, the Court, in its discretion, should deem all claims against Rafferty as redundant and dismiss them accordingly.  *See, e.g.*, *Cuvo*, 169 F. App'x at 693 (dismissing claims against defendant named in his official capacity because naming both the official and the public entity was redundant.); *TEMPO Networks LLC v. Gov't of NIA,* No. CIV. 2:14-6334 WJM, 2015 WL 4757911, at *5 (D.N.J. Aug. 12, 2015) (same); *Delaware Riverkeeper Network v. Delaware River Basin Comm'n*, No. CIV. 10-5639 AET, 2011 WL 3882503, at *5 (D.N.J. Sept. 2, 2011) (same);  *Ray v. Twp. of Warren*, No. CIV.A.07-2812JAP, 2009 WL 3074776, at *8 (D.N.J. Sept. 23, 2009), *aff'd*, 626 F.3d 170 (3d Cir. 2010) (same).

In this case, Plaintiff fails to assert that Rafferty engaged in any wrongful conduct. Under these circumstances, there is no individual liability by Rafferty and therefore, Defendants respectfully request that all claims be dismissed as against Rafferty, with prejudice.

**II.    COUNTS ONE AND TWO OF PLAINTIFF'S COMPLAINT MUST BE DISMISSED AS AGAINST RAFFERTY BECAUSE TITLE IX DOES NOT AUTHORIZE SUITS AGAINST SCHOOL OFFICIALS, TEACHERS, AND OTHER INDIVIDUALS**

Counts One and Two of Plaintiff's Complaint allege that Rafferty violated Plaintiff's rights under 20 U.S.C. § 1681, *et seq.* ("Title IX"). Although Title IX is applicable to institutions and programs that receive federal funds, it "does not authorize suits against school officials, teachers, and other individuals." *Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246, 257 (2009). Accordingly, Title IX claims may not lie against Rafferty.

Therefore, Defendants respectfully submit that Counts 1 and 2 be dismissed as against Rafferty, with prejudice.

**III.    COUNT FOUR OF PLAINTIFF'S COMPLAINT MUST BE DISMISSED BECAUSE DEFENDANTS DO NOT STAND *IN LOCO PARENTIS* TO PLAINTIFF**

Count Four of Plaintiff's Complaint alleges that Defendants were negligent because they owe a special duty of care to Plaintiff because they act *in loco parentis* with respect to public school students. Compl., Count Four. Plaintiff claims that Defendants breached their *in loco parentis* duty primarily by inflicting further injury on Plaintiff through their response to the alleged incident. *In loco parentis* is defined by Black's Law Dictionary as "in the place of a parent." The relationship is generally temporary in nature and characteristics include "the responsibility to maintain, rear and educate the child, as well as duties of supervision, care, and rehabilitation." *B.F. v. Township of Hazlet*, No. A-0918-15T1, 2016 WL 7232370, at *5 (N.J. Super. Ct. App. Div. Dec. 14, 2016) (internal citations omitted). However, multiple courts have decided that public schools are <u>not</u> *in loco parentis* towards their students. In *Hardwicke v. Am. Boychoir Sch.*, 188 N.J. 69, 94 (2006), the court found that a *private boarding school* was acting

*in loco parentis* towards its students because it had control over all aspects of student life, including providing food, shelter, educational instruction, recreational activities, and emotional support to full-time boarding students. In other words, the boarding school was providing the amenities characteristic of both a school and a home to its students and therefore, could be viewed as fulfilling the traditional role of a parent.

However, in *J.P. v. Smith*, 444 N.J. Super. 507, 523-24 (App. Div.), *certif. denied*, 226 N.J. 212 (2016), the Supreme Court of New Jersey found that a *public school* did not stand *in loco parentis* towards the student. In *J.P.*, the plaintiff brought suit against her high school and the board of education and claimed that she was subjected to repeated acts of sexual abuse by the school's assistant band director, defendant Smith. *Id.* at 512. Plaintiff argued that the school paid for overnight trips that she took with the band and provided her with food, shelter, and education. *Id.* at 518. However, the court noted that these services were not provided on a full-time basis to full-time boarders and that the school did not supply "amenities normally associated with a home environment for student who resided there full-time." *Id.* at 523; *see also Y.G. v. Bd. of Educ. for Twp. of Teaneck*, No. A-5146-09T2, 2011 WL 1466277, at *3 (N.J. Super. Ct. App. Div. Apr. 19, 2011), *certif. denied*, 208 N.J. 372 (2011) (noting that the court in *Hardwicke* was clearly concerned not only with the role of the school as a parental substitute, but also with its role as the provider of amenities normally associated with a home environment for its students who lived there full-time.)

Here, the defendants at issue are a public school and the superintendent of a public school district, as opposed to a private boarding school. Defendants do not stand *in loco parentis* because they lack the qualities associated with a residential home environment that have been

7

found to be necessary for an *in loco parentis* status.   Furthermore, even assuming arguendo that defendants can somehow be found to be *in loco parentis* to Plaintiff, courts have rejected heighted standards of care and applied "traditional principles of due care and foreseeability" to the *in loco parentis* standard.  *Davis v. Devereux Found.*, 209 N.J. 269, 289 (2012).  Plaintiff cannot demonstrate that the alleged incident on the school bus was foreseeable to Defendants or that the presumed lack of care from the defendants was the proximate cause of the incident.  Count Four of Plaintiff's Complaint should therefore be dismissed as a matter of law.  To the extent that plaintiff pleads *in loco parentis* in any of the other allegations in her Complaint, those allegations should be stricken as well.

## IV.    ALL REFERENCES TO 42 U.S.C §§ 1983 AND 1988 SHOULD BE STRICKEN FROM THE COMPLAINT BECAUSE PLAINTIFF'S COMPLAINT DOES NOT CONTAIN CLAIMS UNDER EITHER STATUTE.

The Complaint states that the Court has jurisdiction under 42 U.S.C. §§ 1983 and 1988. Compl. ¶ 4.  Plaintiff further requests attorneys' fees pursuant to 42 U.S.C. §§ 1983 and 1988(b). Compl. ¶ 140.  However, the Complaint does not contain any allegations that Defendants violated either statute.  Accordingly, Defendants respectfully request that any reference to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 be stricken from Plaintiff's Complaint.

## <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully submit that the Court should grant Defendants' motion to dismiss portions of Plaintiff's Complaint for failure to state claims upon which relief can be granted.

Respectfully submitted,

Dated: August 21, 2018

By: _/s/ Maxiel L. Gomez_____
Maxiel L. Gomez
**PASHMAN STEIN WALDER HAYDEN, P.C.**
Court Plaza South
21 Main Street, Suite 200
Hackensack, New Jersey 07601
*Attorneys for Defendants*
**Piscataway Township Board of Education (improperly pleaded as "Piscataway Township School District") and Teresa Rafferty**

9