**PASHMAN STEIN WALDER HAYDEN, P.C.**
Maxiel L. Gomez, Esq.
Court Plaza South
21 Main Street, Suite 200
Hackensack, New Jersey 07601
*Attorneys for Defendant*
*Piscataway Township Board of Education*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| S.P. on behalf of her minor daughter, K.H., | **Civil Action No. 2:18-cv-10037-CCC-MF** |
| Plaintiffs, | **Filed Electronically** |
| v. | |
| PISCATAWAY TOWNSHIP BOARD OF EDUCATION, | **ANSWER WITH SEPARATE DEFENSES** |
| Defendant. | |

Defendant Piscataway Township Board of Education ("BOE)" hereby answers Plaintiff's Amended Complaint as follows:

**AS TO "PRELIMINARY STATEMENT"**

1.      Denied.

2.      Admitted that Plaintiff was enrolled as an eighth grader at Theodore Schor Middle School.  Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations as framed at this time.  However, to the extent that any allegations of wrongdoing are directed to Defendant, the allegations are denied.

3.     Admitted that Plaintiff was suspended for disorderly conduct on the school bus. Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations as framed at this time.  However, to the extent that any allegations of wrongdoing are directed to Defendant, the allegations are denied.

## AS TO "JURISDICTION AND VENUE"

4.     This paragraph contains averments of law to which no response is required. However, to the extent any allegations of wrongdoing are directed to Defendant, the allegations are denied.

5.     This paragraph contains averments of law to which no response is required. However, to the extent any allegations of wrongdoing are directed to Defendant, the allegations are denied.

6.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph at this time.

7.     Admitted.

## AS TO "PARTIES"

8.     Admitted that Plaintiff was a student at T. Schor Middle School for her eighth-grade academic year and Piscataway High School for her ninth-grade academic year.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph at this time.  However, to the extent that any allegations of wrongdoing are directed to Defendant, the allegations are denied.

9.     Admitted.

10.     Admitted.

2

11.    Admitted.

12.    Admitted.

## AS TO "FACTUAL BACKGROUND"

13.    This paragraph contains averments of law to which no response is required. However, to the extent any allegations of wrongdoing are directed to Defendant, the allegations are denied.

14.    Admitted only that the BOE has a policy on Harassment, Intimidation, and Bullying ("HIB Policy" or "Policy").  The remainder of the allegations are denied as stated.  The HIB Policy speaks for itself.  Any characterization of the Policy or its contents other than quoting what is stated in the Policy verbatim is specifically denied.

15.    Denied as stated.  It is admitted only that the HIB Policy speaks for itself.  Any characterization of the Report or its contents other than quoting what is stated in the HIB policy verbatim is specifically denied.

a-f.    Denied as stated.  It is admitted only that the HIB Policy speaks for itself. Any characterization of the Report or its contents other than quoting what is stated in the HIB policy verbatim is specifically denied.

16.    Denied as stated.  It is admitted only that the HIB policy speaks for itself.  Any characterization of the HIB policy or its contents other than quoting what is stated in the HIB policy verbatim is specifically denied.

17.    Denied as stated.  It is admitted only that the HIB policy speaks for itself.  Any characterization of the HIB policy or its contents other than quoting what is stated in the HIB policy verbatim is specifically denied.

18.     Denied as stated.  It is admitted only that the HIB policy speaks for itself.  Any characterization of the HIB policy or its contents other than quoting what is stated in the HIB policy verbatim is specifically denied.

19.     Denied as stated.  It is admitted only that the HIB policy speaks for itself.  Any characterization of the HIB policy or its contents other than quoting what is stated in the HIB policy verbatim is specifically denied.

<u>The Assault</u>

20.     Admitted only that that Plaintiff was enrolled as an eighth-grader at T. Schor Middle School during the 2015-2016 academic year.  Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the remaining allegations as framed contained in this paragraph at this time.

21.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph at this time.

22.     Denied that Plaintiff maintained "excellent grades" and that she made the honor roll.  Defendant is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph at this time.

23.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph at this time.

24.     Admitted.

25.     Admitted that T. Schor arranged the school trip to Forest Lodge the previous year and that Plaintiff did not attend as she was a seventh grader at the time.  Denied as to the remaining allegations in this paragraph.

26.     Denied that there were any physical altercations during the 2015 trip.  Admitted that T. Schor organized the trip to Forest Lodge in 2016 with Maplewood Middle School.

27.     Defendant denies that there was a thirty minute bus ride to Forest Lodge.  Except as so stated, the remaining allegation are admitted.

28.     Denied.

29.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph at this time.

30.     Denied.

31.     Admitted that Perry spoke to Plaintiff about her "twerking.  Denied as to the remainder of the allegations in this paragraph.

32.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph at this time.  However, to the extent any allegations of wrongdoing are directed to Defendant, the allegations are denied.

33.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph at this time.  However, to the extent any allegations of wrongdoing are directed to Defendant, the allegations are denied.

34.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph at this time.  However, to the extent any allegations of wrongdoing are directed to Defendant, the allegations are denied.

35.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph at this time.  However, to the extent any allegations of wrongdoing are directed to Defendant, the allegations are denied.

36.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph at this time.  However, to the extent any allegations of wrongdoing are directed to Defendant, the allegations are denied.

37.    Denied as framed.

38.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph at this time.  However, to the extent any allegations of wrongdoing are directed to Defendant, the allegations are denied.

39.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph at this time.  However, to the extent any allegations of wrongdoing are directed to Defendant, the allegations are denied.

40.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph at this time.  However, to the extent any allegations of wrongdoing are directed to Defendant, the allegations are denied.

41.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph at this time.  However, to the extent any allegations of wrongdoing are directed to Defendant, the allegations are denied.

42.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph at this time.  However, to the extent any allegations of wrongdoing are directed to Defendant, the allegations are denied.

43.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph at this time.  However, to the extent any allegations of wrongdoing are directed to Defendant, the allegations are denied.

44.  Denied.

45.  Admitted that Cetta told Plaintiff that she would speak to the other students on the bus.  Defendant is without knowledge or information sufficient to form a belief as to the allegations regarding what "L" told Plaintiff.  Denied as to the remainder of the allegations in this paragraph.

46.  Denied.

47.  Admitted that Plaintiff's mother and grandmother attended a meeting at T. Schor the following day.  Denied as to the remainder of the allegations contained in this paragraph.

48.   Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph at this time.  However, to the extent any allegations of wrongdoing are directed to Defendant, the allegations are denied.

49.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph at this time.  However, to the extent any allegations of wrongdoing are directed to Defendant, the allegations are denied.

50.  Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph at this time.  However, to the extent any allegations of wrongdoing are directed to Defendant, the allegations are denied.

51.  Admitted that K.B. had prior disciplinary issues.  Denied as to the remainder of the allegations contained in this paragraph.

52.  Denied as framed.

53.  Admitted that Plaintiff was suspended for ten days and was assigned tutors during home instruction.  Denied as to the remainder of the allegations in this paragraph.

54.    Denied.

55.    Denied .

56.    Admitted that Plaintiff and K.B. both enrolled at Piscataway High School as ninth-graders.  Denied as to the remainder of the allegations in this paragraph.

57.    Admitted.

58.    Denied.

59.    Denied.

60.    This paragraph contains averments of law to which no response is required. However, to the extent any allegations of wrongdoing are directed to Defendant, the allegations are denied.

## KH's Injuries

61.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph at this time.  However, to the extent any allegations of wrongdoing are directed to Defendant, the allegations are denied.

62.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph at this time.  However, to the extent any allegations of wrongdoing are directed to Defendant, the allegations are denied.

63.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph at this time.  However, to the extent any allegations of wrongdoing are directed to Defendant, the allegations are denied.

64.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph at this time.  However, to the extent any allegations of wrongdoing are directed to Defendant, the allegations are denied.

65.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph at this time.  However, to the extent any allegations of wrongdoing are directed to Defendant, the allegations are denied.

66.     Denied.

## AS TO "AS AND FOR A FIRST CLAIM FOR RELIEF"

67.     Defendant repeats its answers to each and every allegation contained in the previous paragraphs as though set forth at length herein.

68.     This paragraph contains averments of law to which no response is required. However, to the extent any allegations of wrongdoing are directed to Defendant, the allegations are denied.

69.     This paragraph contains averments of law to which no response is required. However, to the extent any allegations of wrongdoing are directed to Defendant, the allegations are denied.

70.     Admitted.

71.     Denied as framed.

72.     Denied as framed.

73.     Denied as framed.

74.     Denied as framed.

75.     Denied.

76.    Denied as framed.

77.    Denied.

78.    Denied.

79.    Denied.

80.    Denied.

81.    This paragraph contains averments of law to which no response is required. However, to the extent any allegations of wrongdoing are directed to Defendant, the allegations are denied.

82.    This paragraph contains averments of law to which no response is required. However, to the extent any allegations of wrongdoing are directed to Defendant, the allegations are denied.

## AS TO "AS AND FOR A SECOND CLAIM FOR RELIEF"

83.    Defendant repeats its answers to each and every allegation contained in the previous paragraphs as though set forth at length herein.

84.    This paragraph contains averments of law to which no response is required. However, to the extent any allegations of wrongdoing are directed to Defendant, the allegations are denied.

85.    This paragraph contains averments of law to which no response is required. However, to the extent any allegations of wrongdoing are directed to Defendant, the allegations are denied.

86.     This paragraph contains averments of law to which no response is required. However, to the extent any allegations of wrongdoing are directed to Defendant, the allegations are denied.

87.     Denied.

88.     This paragraph contains averments of law to which no response is required. However, to the extent any allegations of wrongdoing are directed to Defendant, the allegations are denied.

89.     This paragraph contains averments of law to which no response is required. However, to the extent any allegations of wrongdoing are directed to Defendant, the allegations are denied.

90.     This paragraph contains averments of law to which no response is required. However, to the extent any allegations of wrongdoing are directed to Defendant, the allegations are denied.

## AS TO "AS AND FOR A THIRD CLAIM FOR RELIEF"

91.     Defendant repeats its answers to each and every allegation contained in the previous paragraphs as though set forth at length herein.

92.     Denied.

93.     Denied.

94.     Denied.

95.     This paragraph contains averments of law to which no response is required. However, to the extent any allegations of wrongdoing are directed to Defendant, the allegations are denied.

96.    Denied as stated.  It is admitted only that the HIB policy speaks for itself.  Any characterization of the Report or its contents other than quoting what is stated in the HIB policy verbatim is specifically denied.

97.    Denied as stated.  It is admitted only that the HIB policy speaks for itself.  Any characterization of the Report or its contents other than quoting what is stated in the HIB policy verbatim is specifically denied.

98.    Denied.

99.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph at this time.  However, to the extent any allegations of wrongdoing are directed to Defendant, the allegations are denied.

100.    This paragraph contains averments of law to which no response is required.  However, to the extent any allegations of wrongdoing are directed to Defendant, the allegations are denied.

101.    This paragraph contains averments of law to which no response is required.  However, to the extent any allegations of wrongdoing are directed to Defendant, the allegations are denied.

## AS TO "AS AND FOR A FOURTH CLAIM FOR RELIEF"

102.    Defendant repeats its answers to each and every allegation contained in the previous paragraphs as though set forth at length herein.

103.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph at this time.  Plaintiff is left to her proofs.

104.    Admitted.

105.    Admitted.

106.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph at this time.  However, to the extent any allegations of wrongdoing are directed to Defendant, the allegations are denied.

107.    Denied.

108.    Denied.

109.    Denied.

110.    Denied.

111.    Denied.

112.    Denied.

113.    Denied.

114.    Denied.

115.    Denied.

116.    Denied.

117.    This paragraph contains averments of law to which no response is required. However, to the extent any allegations of wrongdoing are directed to Defendant, the allegations are denied.

## AS TO "AS AND FOR A FIFTH CLAIM FOR RELIEF"

118.    Defendant repeats its answers to each and every allegation contained in the previous paragraphs as though set forth at length herein.

119.    This paragraph contains averments of law to which no response is required. However, to the extent any allegations of wrongdoing are directed to Defendants, the allegations are denied.

120.    This paragraph contains averments of law to which no response is required. However, to the extent any allegations of wrongdoing are directed to Defendant, the allegations are denied.

121.    This paragraph contains averments of law to which no response is required. However, to the extent any allegations of wrongdoing are directed to Defendant, the allegations are denied.

122.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph at this time.  However, to the extent any allegations of wrongdoing are directed to Defendant, the allegations are denied.

123.    Denied.

124.    This paragraph contains averments of law to which no response is required. However, to the extent any allegations of wrongdoing are directed to Defendant, the allegations are denied.

## AS TO "AS AND FOR A SIXTH CLAIM FOR RELIEF"

125.     Defendant repeats its answers to each and every allegation contained in the previous paragraphs as though set forth at length herein.

126.    This paragraph contains averments of law to which no response is required. However, to the extent any allegations of wrongdoing are directed to Defendant, the allegations are denied.

127.    Denied as framed.

128.    Denied as stated.  It is admitted only that the HIB Policy speaks for itself.  Any characterization of the Policy or its contents other than quoting what is stated in the HIB Policy verbatim is specifically denied.

129.    Denied.

130.    This paragraph contains averments of law to which no response is required. However, to the extent any allegations of wrongdoing are directed to Defendant, the allegations are denied.

131.    This paragraph contains averments of law to which no response is required. However, to the extent any allegations of wrongdoing are directed to Defendant, the allegations are denied.

### AS TO "AS AND FOR A SEVENTH CLAIM FOR RELIEF"

132.    Defendant repeats its answers to each and every allegation contained in the previous paragraphs as though set forth at length herein.

133.    This paragraph contains averments of law to which no response is required. However, to the extent any allegations of wrongdoing are directed to Defendant, the allegations are denied.

134.    This paragraph contains averments of law to which no response is required. However, to the extent any allegations of wrongdoing are directed to Defendant, the allegations are denied.

135.    Denied.

136.    This paragraph contains averments of law to which no response is required. However, to the extent any allegations of wrongdoing are directed to Defendant, the allegations are denied.

137.    This paragraph contains averments of law to which no response is required. However, to the extent any allegations of wrongdoing are directed to Defendant, the allegations are denied.

138.    This paragraph contains averments of law to which no response is required. However, to the extent any allegations of wrongdoing are directed to Defendant, the allegations are denied.

## AS TO "NOTICE OF CLAIM"

139.    Admitted.

140.    Admitted.

**WHEREFORE**, Defendant demands judgment in their favor and against Plaintiff, dismissing the Complaint, and any claims arising therefrom, with prejudice, plus costs.

## SEPARATE DEFENSES

## FIRST SEPARATE DEFENSE

The Complaint fails to state a claim, in whole or in part, upon which compensatory or punitive damages may be awarded.

## SECOND SEPARATE DEFENSE

Recovery is barred in this action, in whole or in part, by the contributory and comparative negligence of Plaintiff.

## THIRD SEPARATE DEFENSE

The incident and any damages resulting therefrom were caused by the negligence or intentional acts of persons and entities over which Defendant had no control.

## FOURTH SEPARATE DEFENSE

Defendant was not a joint tortfeasor and are therefore not liable for contribution or indemnification to any other party.

## FIFTH SERPARATE DEFENSE

The Complaint and the proceedings resulting therefrom and any recovery resulting therefrom is barred, limited and/or controlled by all provisions of the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 through 59:12-3 inclusive, as if each section, provision, defense, and immunity were listed herein separately, particularly, and at length.

## SIXTH SEPARATE DEFENSE

Recovery is barred by all provisions of the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 through 59:12-3 inclusive, including, without limitation, the following: N.J.S.A. 59:2-1.1; 59:2-2; 59:2-3; 59:2-5; 59:2-6; 59:2-7; 59:2-10; 59:3-1; 59:3-2; 59:3-3; 59:3-4; 59:3-5; 59:3-6; 59:3-7; 59:3-11; 59:4-2; 59:4-4; 59:4-5; 59:4-6; 59:4-7; 59:5-4; 59:6-4, 59:6-5 and 59:10-1.

## SEVENTH SEPARATE DEFENSE

Any liability that might otherwise be imposed upon Defendant is subject to reduction by the limitations of proportionate liability set forth in N.J.S.A. 59:9-3 and 59:3-1.

## EIGHTH SEPARATE DEFENSE

Any liability that might otherwise be imposed upon Defendant is subject to reduction by the comparative negligence provisions set forth in N.J.S.A. 59:9-4.

## NINTH SEPARATE DEFENSE

Any recovery to which Plaintiff may be entitled against Defendant is subject to the

limitations and reductions on damages set forth in N.J.S.A. 59:9-2.

## TENTH SEPARATE DEFENSE

The service of the Complaint upon Defendant was insufficient by reason of manner of

service of process and insufficiency of service of process.

## ELEVENTH SEPARATE DEFENSE

Defendant was not negligent and violated no duty to Plaintiff.

## TWELFTH SEPARATE DEFENSE

Negligence, if any, on the part of Defendant was not the proximate cause of any injuries

which may have been sustained by Plaintiff.

## THIRTEENTH SEPARATE DEFENSE

Recovery is barred in this action by principles of waiver.

## FOURTEENTH SEPARATE DEFENSE

Recovery is barred in this action by virtue of the entire controversy doctrine.

## FIFTEENTH SEPARATE DEFENSE

The occurrence complained of was neither intended, foreseeable, nor preventable by the

exercise of reasonable care.

## SIXTEENTH SEPARATE DEFENSE

Recovery is barred in this action by reason of the applicable statute of limitations.

## SEVENTEENTH SEPARATE DEFENSE

Recovery is barred in this action by the principles of res judicata and collateral estoppel.

## EIGHTEENTH SEPARATE DEFENSE

The alleged damages are limited by the doctrine of unavoidable consequences.

## NINETEENTH SEPARATE DEFENSE

The damages alleged were the result of unforeseeable intervening acts of an agency or persons independent of Defendant which bars Plaintiff's claims.

## TWENTIETH SEPARATE DEFENSE

The claim asserted is one for personal injury or death and Defendant is therefore entitled to the benefit of collateral source payments received by Plaintiff pursuant to N.J.S.A. 2A:15-97.

## TWENTY-FIRST SEPARATE DEFENSE

Recovery is barred in whole or in part by virtue of Plaintiff's failure to mitigate alleged damages.

## TWENTY-SECOND SEPARATE DEFENSE

All actions by Defendant were rendered in accordance with accepted standards and practices and not in a negligent manner.

## TWENTY-THIRD SEPARATE DEFENSE

Plaintiff lacks standing to assert claims against Defendant.

## TWENTY-FOURTH SEPARATE DEFENSE

The action is barred, or otherwise limited, by the provisions of N.J.S.A. 2A:15-5.1, *et seq.*

## TWENTY-FIFTH SEPARATE DEFENSE

Defendant did not violate any duty owed under common law, statute, regulation or standard.

## TWENTY-SIXTH SEPARATE DEFENSE

Defendant, at all times, acted in accordance with the laws of the United States of America and of the State of New Jersey.

## TWENTY-SEVENTH SEPARATE DEFENSE

Plaintiff's Complaint should be dismissed because Plaintiff has failed to join indispensable parties.

## TWENTY-EIGHTH SEPARATE DEFENSE

The action is barred, or otherwise limited, by the immunity or derivative immunity of Defendant, not otherwise specified herein.

## TWENTY-NINTH SEPARATE DEFENSE

The action is barred, or otherwise limited, by the provisions of N.J.S.A. 2A:53A-7, *et seq.*

## THIRTIETH SEPARATE DEFENSE

Plaintiff is not entitled to attorneys' fees from the answering Defendant.

## THIRTY-FIRST SEPARATE DEFENSE

Defendant took no action at any time to deprive Plaintiff of any federal, constitutional or statutory rights.

## THIRTY-SECOND SEPARATE DEFENSE

Defendant acted on reasonable grounds and without malice and, therefore is not responsible for damages to Plaintiff.

## THIRTY-THIRD SEPARATE DEFENSE

Plaintiff was not deprived of any right, privilege or immunity secured by the United States Constitution or any act of Congress, or by the Constitution of the State of New Jersey or any laws of the State of New Jersey.

### THIRTY-FOURTH SEPARATE DEFENSE

Defendant did not engage in any discriminatory practices against Plaintiff during the time period in question.

### THIRTY-FIFTH SEPARATE DEFENSE

The Complaint is barred by Plaintiff's failure to fully exhaust all administrative remedies and/or due to Plaintiff's failure to file certain claims with designated Administrative agencies as required by law

### THIRTY-SIXTH SEPARATE DEFENSE

Answering Defendant acted in good faith at all times.

### THIRTY-SEVENTH SEPARATE DEFENSE

Answering Defendant asserts the privilege of absolute immunity for all allegations raised in Plaintiff's Complaint.

### THIRTY-EIGHTH SEPARATE DEFENSE

Answering Defendant asserts the defense of Qualified Immunity as a bar to the allegations contained in Plaintiff's Complaint.

### THIRTY-NINTH SEPARATE DEFENSE

Defendant asserts all available defenses under the NJLAD, Title II of the ADA, Title VI, Title IX, 42 U.S.C. §§ 1983 and 1988, and/or Section 504 of the Rehabilitation Act.

### FORTIETH SEPARATE DEFENSE

Plaintiff's Complaint fails to establish that the school environment was altered, or hostile or abusive.

## FORTY-FIRST SEPARATE DEFENSE

Plaintiff's Complaint fails to establish severe or pervasive conduct which would give rise to an actionable claim.

## FORTY-SECOND SEPARATE DEFENSE

Answering Defendant had an effective program in place to prevent/address harassment, intimidation and bullying.

Defendant hereby reserves the right to interpose such other affirmative and separate defenses as discovery may disclose up to and including the time of trial.

## JURY DEMAND

Pursuant to Fed.R.Civ.P. 38(b), Defendant hereby demands a trial by jury as to all counts within the Amended Complaint with regard to all triable issues.

Dated: October 12, 2018                    By: /s/ Maxiel L. Gomez
                                                Maxiel L. Gomez

                                           **PASHMAN STEIN WALDER HAYDEN, P.C.**
                                           Court Plaza South
                                           21 Main Street, Suite 200
                                           Hackensack, New Jersey 07601
                                           *Attorneys for Defendant*
                                           *Piscataway Township Board of Education*

## <u>CERTIFICATION OF SERVICE</u>

On this date I caused an electronic copy of the above Amended Answer to be filed via ECF in the above matter and to be served electronically upon counsel of record for plaintiff via ECF.

By: <u>/s/ Maxiel L. Gomez</u>
Maxiel L. Gomez

Dated: October 12, 2018