646.666.8908 | 16 COURT STREET, 33RD FLOOR | BROOKLYN, NY 11241
ADAM@CAGOLDBERGLAW.COM | WWW.CAGOLDBERGLAW.COM

October 24, 2019

Magistrate Judge Edward S. Kiel
Frank R Lautenberg Post Office and Court House, Courtroom 8
1 Federal Square
Newark, NJ 07102
Via ECF

Re:     **Joint Letter Regarding S.P., on behalf of her minor daughter K.H., v. Piscataway Township Board of Education v. T.S. o/b/o minor, K.B.**
        **No. 2:18-CV-10037-CCC-ESK**

Dear Judge Kiel:

Pursuant to the Court's October 3rd, 2019 text order, plaintiff S.P. and defendant the Piscataway Board of Education submit this joint letter to apprise the court of the status of discovery and other issues on the afore-referenced matter. Third-party defendant T.S. on behalf of her minor child, K.B., who is *pro se* and has not typically responded to prior correspondence in this matter, was not consulted with regard to this letter. T.S. has a pending motion to dismiss the third-party complaint that is fully briefed (ECF Dkt. Nos. 32, 40).

Discovery is continuing. The plaintiff and defendant have exchanged and responded to interrogatories and document demands. Several depositions have been held, including those of the minor plaintiff and the plaintiff "S.P." Plaintiff began to depose one of defendant's employees, Orsolina Cetta, in early October. That deposition will be continued. Both parties have indicated their intention to depose additional witnesses. Defendant has indicated that it may seek to depose K.H.'s grandmother, as well as third-party defendant K.B. Plaintiff seeks to depose Kathryn Garcia, the school psychologist at T. Schor Middle School, and may depose Jasmine Cromartie, the school nurse during the period in question, Principal Richard Hueston and Superintendent of Piscataway Township Board of Education Frank Ranelli. Defendant will also be issuing a subpoena to the Middlesex County Prosecutor's Office seeking information concerning a juvenile disposition related to this matter.

Plaintiff has informed Defendant that she is retaining an expert witness to prepare a report on the impact of the emotional and psychological trauma experienced by K.H. and has provided Defendant with the name and curriculum vitae of the expert witness. Defendant will need to pursue an independent medical examination of plaintiff following receipt of plaintiff's expert report.

There have been no significant discovery disputes that have gone unresolved, but the only potential disagreement concerns the ability of defendant's employees to provide information regarding otherwise private student, teacher, and administrator records.

N.J.S.A. 18A:36-19 affords reasonable privacy protections "against other persons" for student records. This statute must be read along with the Family Educational Rights and Privacy Act of 1974, 20 U.S.C. § 1232(g) ("FERPA"). Defendant has asserted this privacy right in response to a number of plaintiff's discovery demands and in response to questions posed during Orsolina Cetta's deposition. Defendant has indicated that unless the court orders otherwise, it will continue to assert this right during discovery and will redact all identifying records and otherwise limit responses accordingly. Plaintiff requires certain student records that may relate to the investigation T. Schor Middle School carried out in June 2016 insofar as they relate to the claims asserted by plaintiff. These records include, but are not limited to, disciplinary records and redacted witness statements of the events at issue in this proceeding. Defendant's assertion of confidentiality is required by law, which prohibits the release of student records except in limited circumstances. Relevant to this matter, student records can only be released to "Organizations, agencies, and individuals outside the school, other than those specified in this section, upon the presentation of a court order." N.J.A.C. 6A:32-7.5(e)(15). Additionally, N.J.A.C. 6A:37-7.6(a)(4) requires notice to be provided to the specific students indicating the name of the requestor and the specific records that were requested. This notice requirement will be burdensome and time-consuming for defendant given the number of students involved. If the Court entertains a motion for the production of student records, defendant submits that records could only be produced following an *in camera* review by the Court, and only pursuant to Court order with appropriate confidentiality designations under the existing Protective Order.

Plaintiff also seeks an order allowing Piscataway employees to discuss teachers' employment records. Thus far, defendant has limited and/or redacted its responses to plaintiff's requests for this information and has instructed its deposition witness not to answer questions seeking same. Under N.J.S.A. 18A:6-120.d and 121.d certain teacher and school administrator evaluations are excepted from the Open Public Records Act ("OPRA"). Plaintiff believes these evaluations may be relevant to the facts underlying this proceeding inasmuch as these events involve a number of faculty and administrators' actions and/or decisions. Defendant is required to maintain employment records as confidential pursuant to various statutes and regulations, including without limitation N.J.A.C. 6A:32-6.3(d) ("health records of candidates for employment and of current employees, including computerized records, shall be secured, stored, and maintained separately from other personnel files. Health records may be shared only with authorized individuals in accordance with N.J.S.A. 18A:16-5.") and N.J.S.A. 18A:6-120(d) ("[i]nformation related to the evaluation of a particular employee shall be maintained by the school district, shall be confidential"). If the Court entertains a motion for the production of personnel records, defendant submits that records could only be produced following an *in camera* review by the Court, and only pursuant to Court order with appropriate confidentiality designations under the existing Protective Order.

Plaintiff is willing to stipulate to an appropriate protective order that would allow the release of this information under certain conditions. Defendant's position is that this information cannot be released, and witnesses cannot be deposed about same, unless a Court Order is issued as well. Accordingly, the parties have agreed to suspend depositions until the Court rules on this question.

We look forward to addressing these issues with the court on October 30th.


Respectfully submitted,

/s/ Adam Massey
    Adam Massey

/s/ Erik Corlett
    Erik Corlett

